NATHANIEL P. LUFF *v.* NATHANIEL B. THOMAS.

The words, " the said constable," contained in the statement of the cause of action, will supply the omission to state that he was a constable in the entry of the names of the parties on the margin of the docket in a suit by a constable against a purchaser for goods sold at an official sale by him.

CERTIORARI. The docket entries were as follows : Nathaniel B. Thomas *v.* Nathaniel P. Luff. Action on account for goods bought at the sale of the goods and chattels of John R. French, sold by said constable on the 21st day of November, 1872. Demand, fifty dollars and fifty cents. Summons issued

to Jehu M. Sutherin, Constable, December 7th, 1872, returnable on Tuesday, December 17th, 1872, at 2 o'clock P. M. Return served personally, December 11th, 1872, signed, J. M. Sutherin, Constable. December 17th, 1872, the parties appeared, and, after hearing their allegations and proofs, judgment is rendered against the defendant and in favor of the plaintiff for fifty dollars and fifty cents, debt with costs.

The exception was that the record did not disclose a cause of action on the part of the plaintiff below, Nathaniel B. Thomas, with sufficient certainty, because it nowhere appears by it that he sued as a constable, or that he was a constable, or had ever been a constable. All it stated was that the suit was by Nathaniel B. Thomas, simply, without any addition whatever, official or otherwise, and that the cause of action was for goods bought at the sale of the goods and chattels of John R. French by " said constable," and the only constable named in the record of the case is " Jehu M. Severin, Constable," who served the summons in this suit.

*By the Court:* The omission to state his office or official addition on the margin of the docket on entering the names of the parties, the plaintiff and defendant, in the heading of the suit below, was sufficiently supplied by the words " said constable," contained in the statement of the cause of action which immediately follows the names of the parties as stated in the record, and before any other constable is named, or any other person is referred to as a constable having any connection whatever with the case, and it must therefore be understood, of course, to have reference to the person named as the plaintiff below in the action as the " said constable " from whom the defendant bought the goods at the said constable sale, which the record also sufficiently imports.

Judgment below affirmed.